CHARLES J. H. BASSETT & others *vs.* JOHN N. WASHBURN & others.

If the assignee of an insolvent debtor has settled and obtained allowance of his final account, paid to the creditors all the dividends ordered to be paid, and died, and a new assignee has been appointed, the executors of the original assignee cannot maintain a bill in equity to set aside such appointment, although it does not appear that any estate cf the debtor remains undistributed.

BILL IN EQUITY by the executors of the will of Anselm Bassett, alleging that in 1848 said Bassett was chosen assignee of the estate of John N. Washburn, an insolvent debtor; that on the 5th of June 1861, at a meeting of the creditors of said estate, duly called, he presented his final account for allowance, and several creditors presented claims for proof and duly proved the same, and that, after a hearing, the account was approved and allowed; that a dividend was then ordered to those creditors who had then first proved their claims, making the amount which they received equal to that paid the creditors who had previously proved their claims, which was afterwards paid by the assignee, and which took the whole balance of the assets of the insolvent in his hands; that the assignee died September 9th 1863, and no property belonging to the estate of Washburn ever came into his hands or possession after the allowance of said final account; that on the 18th of February 1864 certain of the creditors of said Washburn petitioned the judge of insolvency to call a meeting of the creditors of Washburn for the purpose of choosing an assignee of his estate; that their petition did not represent that any estate of Washburn remained undistributed, or that anything had been improperly or erroneously done by the assignee; that such proceedings were had upon this petition, that on the 6th of April a meeting of the creditors was held, and Nathan S. Hoard was chosen assignee, gave bonds, took upon himself the trust, and demanded of the petitioners the books, papers and accounts relating to Washburn's estate; that these books and papers were numerous and

voluminous, extending over a long period of time, and compre-hending transactions with a great number of people; that they believed said proceedings were commenced, since the death of Bassett, with a design to vex and harass the plaintiffs; that there was no property belonging to said estate which was of any value, except to the plaintiffs, as containing the vouchers and accounts of their testator, remaining in their hands; that from the decision of the judge of insolvency ordering the elec-tion of a new assignee they appealed to the superior court, and that their appeal was dismissed for want of jurisdiction.

The prayer was, that the proceedings commenced on the 18th of February 1864, and the choice of an assignee as aforesaid, might be set aside, and for other and further relief.

The defendants demurred to the bill, and the case was re-served by *Chapman*, J. for the consideration of the whole court.

*C. I. Reed*, for the plaintiffs.

*C. A. Reed*, (*J. Brown* with him,) for the defendants.

Bigelow, C. J. This demurrer is well taken. The plaintiffs do not set out in their bill any facts which show that they have the slightest interest in the decree of the court of insolvency ap-pointing a new assignee, which they seek to set aside. On the contrary, the averments of the bill show conclusively that their testator had in his lifetime finally settled and closed his account as assignee; that it had been approved and allowed by the judge of insolvency, and that a dividend had been declared and ordered to be paid, to the full amount of all the assets in his hands, which had been fully paid by him to the creditors entitled thereto. If this be so, then it is very clear that the appointment of a new assignee can in no way operate upon the rights or interests of those who are entitled to the estate of the plaintiffs' testator, which is in their hands for settlement and distribution. Cer-tainly it does not appear that any vested right or pecuniary interest of the plaintiffs, or of those whom they represent, will be divested or in any degree injuriously affected by the adjudi-cation of which they complain. It does not even appear tha any possible contingent or remote right or interest belonging to their testator's estate can be touched by the election of a new

assignee, as set forth in the bill. Clearly, then, the plaintiffs can in no sense be deemed to be "a party aggrieved," or entitled to maintain this bill under Gen. Sts. *c.* 118, § 16. *Merriam* v. *Sewall*, 8 Gray, 316, 320.

It was suggested that the plaintiffs might have a claim for relief on the ground that the new assignee would be authorized to call on them for the books, papers and vouchers in their hands relating to the estate of the insolvent which had come to them from their testator. Be it so ; but such a claim by the new assignee would furnish no ground for the interference of this court to set aside the adjudication of the insolvent court appointing such assignee. So far as the books, papers and vouchers related solely to the estate of the insolvent, the proper legal custody of them would be with the new assignee, unless good reason was shown for not surrendering them to him. If the books or papers related to other matters, not connected with the estate of the insolvent, so that the plaintiffs might still have a right to retain them in their possession, there certainly is no good reason for refusing the new assignee free access to such portions as relate to the property and assets of the insolvent. In either aspect, the appointment of a new assignee could only occasion the plaintiffs some slight inconvenience, which would afford no sufficient ground for the interference of this court in the manner prayed for by the plaintiffs.

*Bill dismissed with costs.*